Freedman, J.
By his complaint the plaintiff seeks to recover the sum of $2,523.07, as damages alleged to have been sustained by the plaintiff because the defendants, in violation of an agreement made by them to pay plaintiff’s note for $2,500, which the plaintiff had given to them, failed to pay said nóte, *453 and because, in consequence of such failure, the plaintiff was compelled to pay the amount of the note with interest, protest fees, and costs of collection, amounting altogether to the sum of $2,523.07. That being the cause of action sued upon, I fail to perceive how in any event the damages to be awarded can exceed the sum of $2,523,07. The trial, however, seems to have been conducted as if the action were for a general accounting, and the trial judge refused to submit to the jury any question except the question as to how much the verdict should be for the plaintiff, and as to that the instruction was that the verdict must be for either $3,542.28 or for $2,892.28.
Upon an examination of the whole case I fail to find that the defendants are in any wise chargeable with any such result. By the exceptions taken by them to the admission of evidence, to the denials of their motions to dismiss, to the charge as delivered and to the refusal of the court to charge their requests, the defendants preserved to themselves the right to have the issues as made by the pleadings determined, and nothing else.
According to plaintiff’s own showing there had been a long prior course of dealing between the parties to the effect that the defendants, at the request of the plaintiff, would sell goods to certain merchants in the south, but charge them to the plaintiff at a discount of 10 per cent, and that the plaintiff, in order to earn said discount, would have the goods charged against himself and settle for them from time to time.
The complaint specifically alleges: ‘‘ That on the 5th day of March, 1884, this plaintiff was indebted to said defendants on account for goods so purchased as aforesaid by him, in the sum of $1,000. That on the said 5th day of March, 1884, this plaintiff called at the store of said defendants in the city of New *454 York and stated to them that he, said plaintiff, desired to settle and close said account. It was then bargained and agreed by and between the parties to this action, that for the purpose of closing and settling said account and to accommodate this plaintiff with a loan of $1,500, that said plaintiff should make his note for the sum of $2,500 payable to the order of the. defendants, at the Ninth National Bank, in the city of New York, in four months after date, and the balance of the proceeds of said note, over and above the amount due on said account, viz., the sum of $1,500, should be held by the defendants subject to the draft of this plaintiff. It was then and there further agreed by and between the parties to this action that the plaintiff should be at liberty tó deposit money with said defendants from time to time before the maturity of said note, which deposits should be appropriated to and applied by the defendants to the payment of said note, and the defendants should take up said note at maturity.
“ That said plaintiff did, pursuant to said agreement, on the 5th day of March, 1884, make and deliver his said promissory note to the defendants for the sum of $2,500, payable to the order of Car-hart, Whitford & Co. in four months after the date thereof, at the Ninth National Bank, New York city, and did then close said account.”
The defendants, on the other hand, denied that they made an unconditional promise to take up the note, and they insisted that, whatever promise was made, was of no legal binding force; they denied that plaintiff’s account was closed on March 5th, and showed that the settlement which took place on that day, was a settlement of plaintiff’s account up to February 1st, pursuant to the custom between the parties, and that it had been the custom between them to close the fall account on the 1st of February of the next year, and the spring account *455 on the 1st of August of the same year; they also showed that there were items in the month of February that were not included in the settlement; and after all that they gave evidence to show that by reason of subsequent transactions they were justified in not paying the note and in applying the amount in their hands to such subsequent transactions. They also set up, in their answer, a counterclaim for a balance due to them.
Aside from the other questions indicated, the substantial controversy between the parties, under the issues as presented by the pleadings and the evidence competently given, hinged- upon the disputed question of fact whether, by the settlement of March 5th, the entire account of the plaintiff was closed, and upon this question there was quite a conflict of evidence. The request of the defendants that the question whether or not Mr. Quimby purchased certain goods after the 5th of March from the defendants which were sent to Matthiesen & Doolittle, which was refused and to which refusal due exception was taken, directly involved thé proposition that the said conflict should be submitted to the jury for determination, and the refusal of the court to submit the question clearly constituted error.
As this error alone necessitates a new trial, it is not deemed necessary to say any more than what has already been said.
The judgment and order should be reversed and a new trial ordered with costs to abide the event.
Sedgwick, Ch. J.
The complaint does not, to me, appear to claim damages only for the non-payment of plaintiff’s note by the defendants, after they, the defendants, had promised to pay that note. If that were all, the plaintiff, under the case made, would not be entitled to recover what he had expended in paying his own obligation, but only such damage as *456 the plaintiff would sustain, if any, from the defendants not paying. ■
The complaint seems to me to be in the nature of an action to recover an amount deposited 'with defendants by plaintiff. It avers that defendants did not and plaintiff did pay the note, but it does not confine the claim of damages to the consequences of that. It proceeds, whereby and by reason of the premises, the plaintiff was damaged in the sum of $2,523.07. The premises include the averments as . to the deposit.
Although the verdict was for a greater sum than the complaint asked judgment for, I do not think this calls for a reversal. The evidence was the same as it would have been if the' complaint had demanded judgment in a sufficient amount. There was no objection taken on the ground of the form of the complaint. The objection taken to the charge of the court upon the subject of the amount the plaintiff should recover, referred apparently to the merits of the controversy as exposed by the testimony.
I do not find that there was any error in admitting the record'of the action by the assignee of the defendants against Matthiesen & Doolittle. The judgment obtained in it had been paid as testified by one of the defendants. The claim was identical with the counter-claim in this action. The reply to the counter-claim was incontrovertibly sustained. The plaintiff, under the facts of this case, was not liable after the payment of the judgment if defendants’ view of plaintiff’s liability is assumed to be correct.
On the other hand the judgment did not determine, as between the parties to this action, that defendants were liable for the amount of the so-called deposit. The defendants’ assignee in the action in question had applied the amount to pay *457 ment of the claim made against Matthiesen & Doolittle. The present plaintiff was not party nor privy to the action, and, as to the claim for the deposit could use the record in connection with other facts only to show something in the nature of an admission that plaintiff was not purchaser.
I agree with Judge Fbeedmah that, on the testimony, the verdict of the jury should have been taken, as requested by defendants, on the issue in the case of plaintiff’s liability for purchases made after March 5, 1884, by Matthiesen & Doolittle, of the defendants. There was evidence which would have sustained a finding of fact by the jury, that plaintiff had agreed to pay for such purchases. The answer, as a defence had averred, that what I term the deposit, “had been applied to the plaintiff’s account for goods purchased from the defendants by the plaintiff, under the agreement hereinafter set forth." The agreement was afterwards set forth in the counter-claim. The case as made upon the trial, and as argued on the appeal, did not turn upon any difference there might be between the purchases being made by the plaintiff or being made by Matthiesen & Doolittle, the plaintiffs guaranteeing their purchases.
I will advert to one piece of testimony on the subject of the liability of plaintiff for purchases made after March 5th. One of the plaintiffs was a witness in his own behalf. He testified that on March 5th he had a settlement with defendants. The latter presented a bill, ¡which contained their statement of what was due by plaintiff on account of the purchases of goods by Matthiesen & Doolittle, made before March 5th, and the witness paid the balance. He said that the bill he then presented in court was that bill. In the case, that bill appears to have been “ to amount of statement received $3,989.78. Matthiesen & Doolittle. Dated May 3, 4 mos. 10 per *458 cent discount on amount, etc.” The bill was dated August 1, 1884, and on its face applied the amount deposited to payment of defendants’ claim. The statement referred to was afterwards offered in evidence, and appears to have detailed purchases by Matthiesen & Doolittle from February 11th to June 16th, amounting in all to $3,989.78. All this was so contrary to plaintiff’s position, that it may . be surmised that the printed case is incorrect. That surmise cannot be entertained against the face of the record.
The judgment and order appealed from should be reversed with costs to abide event, a new trial being-ordered.
Ingraham, J.
I think that a finding of" the jury that the goods delivered to Matthiesen & Doolittle were, in reality, purchased by the plaintiff, and Matthiesen & Doolittle under the agreement that had before existed, would have been sustained, and in that event the defendants were justified in applying the amount deposited by plaintiff to the payment of the balance due on such sale. That question should have been submitted to the jury. The defendants requested the court to submit that question to the jury, which request was refused. For that reason I think the judgment must be reversed.
I agree with the chief judge that the judgment in South Carolina was competent to prove that the defendants’ counter-claim had been paid, but it did not adjudge that plaintiff was not liable for the goods. In fact, by crediting Matthiesen & Doolittle with the money deposited by plaintiff, they allege in substance that plaintiff’s money, for which he brings this action, was applied on that indebtedness.
I also concur with the chief judge in his construction of the pleadings.