QUINBY v. CARHART et al.

(Superior Court of New York City, General Term. January 5, 1891.)

NEW TRIAL—WHEN GRANTED—QUESTIONS NOT RAISED AT THE TRIAL.

On plaintiff's motion for a new trial, after rendition of a verdict against him, the court cannot entertain his claim that he is entitled to a discount on certain purchases, where such claim was not made at the trial, and there is no evidence that he did not receive the discount.

Appeal from jury term.

Judgment was entered in favor of the defendant upon the verdict of a jury and plaintiff appealed.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

William P. Fiero, for appellant. Ira D. Warren, for respondents.

FREEDMAN, J. I am of the opinion that the issues have been retried in substantial compliance with the rule laid down by this court on the former appeal. See 9 N. Y. Supp. 307. The instruction given by the trial judge to the jury, that by the pleadings it stood admitted that the transactions between the plaintiff and the defendants amounted to a purchase of the goods by the plaintiff, must be construed in connection with the other parts of the charge, and the particular passages in the pleadings referred to, and, when so construed, it applied only to the transactions prior to March 5, 1884. Whether on that day the plaintiff did or did not notify the defendants not to send any more goods to Matthiesen & Doolittle, under the previously existing arrangement, remained still a question for the jury, and it was submitted to them. The plaintiff did not in his complaint, or in the course of the trial, advance the claim which, on the motion for a new trial, he for the first time advanced, that he is entitled to 10 per cent. discount on certain purchases, that he has not received the same, and that the jury should have given him a verdict for at least that amount. As no such claim or suggestion was made before the rendition of the verdict, the court will not, in the absence of any evidence that he did not receive it, indulge, for the purpose of reversing the judgment, in the presumption that he did not receive it. None of the exceptions taken by the appellant seems to be tenable, and substantial justice appears to have been done. The judgment and order should be affirmed, with costs.